IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

IRMA NEITZEL                                                                  PLAINTIFF

vs.                            Civil No. 6:14-cv-06048

CAROLYN W. COLVIN                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Irma Neitzel ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed her disability application on September 20, 2011. (Tr. 14, 113-114). In this application, Plaintiff alleges being disabled due to nerve damage in her right arm and hand. (Tr. 135). Plaintiff alleges an onset date of September 14, 2011. (Tr. 14). This application was denied initially and again upon reconsideration. (Tr. 45-46).

Thereafter, Plaintiff requested an administrative hearing on her denied application, and this

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr."

hearing request was granted. (Tr. 56-80). On October 25, 2012, the ALJ held an administrative hearing to address Plaintiff's application. (Tr. 26-44). This hearing was held in Hot Springs, Arkansas. *Id.* Plaintiff was present at this hearing and was represented by counsel, Hans Pullen. *Id.* Plaintiff and Vocational Expert ("VE") Elizabeth Clem testified at this hearing. *Id.*

After this hearing, on January 23, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 11-21). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2016. (Tr. 16, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 14, 2011, her alleged onset date. (Tr. 16, Finding 2). The ALJ determined Plaintiff had the following severe impairments: status post fracture of the right humerus and joint dysfunction. (Tr. 16, Finding 3). However, the ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 16-17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 17-19, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she is to have no rapid, repetitive, flexion or extension of the hands.

*Id*. The "light work" includes the following:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying objects weighing up to 10 pounds. Even though the

> weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b) (2012). The ALJ determined Plaintiff was fifty-four (54) years old on her alleged disability onset date. (Tr. 20, Finding 7). Such a person is characterized as an individual "closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008). *Id.* The ALJ also determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 20, Finding 8).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW. (Tr. 20, Finding 6). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 20-21, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the VE determined Plaintiff retained the capacity to perform work as a personal care assistant with approximately 3,400 such jobs in Arkansas and 350,000 such jobs in the national economy. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from September 14, 2011 through the date of her decision or through January 23, 2013. (Tr. 21, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 8). On March 12, 2014, the Appeals Council denied this request for review. (Tr. 1-4). Plaintiff then filed the present appeal on April 10, 2014. ECF No. 1. The Parties consented to the

jurisdiction of this Court on April 11, 2014. ECF No. 7. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

4

months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff raises two points: (1) the ALJ erred in finding her impairments do not meet the requirements of the Listings; and (2) the ALJ erred in concluding she retained the RFC to perform light work. ECF No. 10. In response, Defendant argues the ALJ properly found Plaintiff's impairments did not meet or equal one of the Listings, and the ALJ properly considered the combined effects of Plaintiff's impairments. ECF No. 11. Upon review, the Court finds the ALJ did not properly consider Plaintiff's subjective complaints when assessing her RFC. Thus, the Court will only address Plaintiff's second argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements from *Polaski* or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. (Tr. 11-21). Instead of evaluating Plaintiff's subjective complaints and providing reasons for discounting those subjective complaints, the ALJ provided the following cursory statement justifying her decision to discount Plaintiff's subjective complaints of disabling limitations:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

(Tr. 18). Later in her opinion, the ALJ also stated the following:

> In sum, the above residual functional capacity assessment *is supported by a comprehensive assessment of the medical record* from multiple medical sources that have given the undersigned a full picture of the claimant's residual functional capacity assessment. The record reflects the claimant's longitudinal history, both negative and positive progress notes, and a comprehensive summary of her treatment. Additionally, the claimant's credibility has been taken into account and *weighed against the medical opinions*. In that respect, while the claimant has suffered some injuries there are no injuries that exclude her from working at all levels prescribed in the residual functional capacity above. The undersigned has considered the claimant's impairments and included them in the residual functional capacity.

(Tr. 19) (emphasis added). Accordingly, because the ALJ relied entirely upon Plaintiff's medical records in discounting her subjective complaints and provided no valid reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded. *See Polaski,* 739 F.2d at 1322 (recognizing the ALJ cannot discount a claimant's subjective complaints of disabling

limitations "solely because the objective medical evidence does not fully support them [the subjective complaints])."

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3]  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of March 2015.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*.  No part of this remand should be interpreted as an instruction that disability benefits be awarded.  Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.